UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    CONCETTA J. BAPTISTE                           Chapter 7
                                                                   Case no. 24-10779-PRW
                                   Debtor
_____

MARK J. SCHLANT, TRUSTEE IN
BANKRUPTCY FOR CONCETTA J. BAPTISTE
1600 Main Place Tower
350 Main Street
Buffalo, New York 14202

                                   Plaintiff
                                                                  A.P. No.
vs.

BRIAN NOWAK
4 Pendennis Place
Cheektowaga, New York 14225

HOLLY NOWAK
4 Pendennis Place
Cheektowaga, New York 14225

NBT BANK, N.A., Successor by Merger to
EVANS BANK, NATIONAL ASSOCIATION
6460 Main Street
Williamsville, New York 14221

                                   Defendants
_____

## COMPLAINT

       MARK J. SCHLANT, as Trustee in Bankruptcy for Concetta J. Baptiste (the "Plaintiff"

or the "Trustee"), by his attorneys, Zdarsky, Sawicki & Agostinelli LLP, for his Complaint

against the Defendants, hereby alleges:

1. The Plaintiff is the duly appointed, qualified and acting Chapter 7 Trustee in the above-captioned case now pending under Chapter 7 of Title 11 of the United States Code, and has an office for the transaction of business in the County of Erie and State of New York at the address set forth in the caption herein.

2. Upon information and belief, Defendant Brian Nowak ("Brian"), is a natural person who resides at the address set forth after his name in the caption herein.

3. Upon information and belief, Defendant Holly Nowak ("Holly"), is a natural person who resides at the address set forth after her name in the caption herein.

4. Upon information and belief, Defendant NBT Bank, N.A. ("NBT") is the successor by merger to Evans Bank, National Association ("Evans Bank") and is a corporation or association formed and existing under the laws of the United States of America.

5. Upon information and belief, Brian is a son or son-in-law of the Debtor, and Holly is a daughter or daughter-in-law of the Debtor.

6. The Bankruptcy Court has jurisdiction of this Adversary Proceeding pursuant to the provisions of 28 U.S.C. §1334, 28 U.S.C. §157, the Local District Court Permanent Order of Reference and the Bankruptcy Rules.

7. This proceeding is a "core" proceeding under the provisions of 28 U.S.C. §157(b)(2).

8. The Debtor filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code on July 19, 2024.

9. Upon information and belief, including based on public record, the Debtor acquired the real property commonly known as 4 Pendennis Place in Cheektowaga, New York

2

(the "Property"), jointly with a third party, on or about May 13, 1999, and on July 8, 2005, she acquired title solely in her name by Deed from the said third party.

10. Upon information and belief, including based on public record, the Debtor transferred the Property to Brian and Holly for no or nominal consideration, via a Deed recorded in the Erie County Clerk's Office in Liber 11376, Page 7417 on or about March 19, 2021 (the "Deed") (the "Transfer"). A true copy of the Deed is attached hereto and made part hereof as Exhibit A.

11. The Deed contains a recitation that the consideration for the Transfer was "One and More Dollars ($1.00 and more)", but upon information and belief that recitation was an error because, according to the County Clerk's Recording Page which was filed with the Deed and is the first page of Exhibit A, the consideration actually given for the Transfer was $1.00 (i.e., no or nominal consideration), and no New York State Transfer Tax was paid upon the recording of the Deed.

12. On or about November 3, 2021, several months after the Deed was given and the Transfer was made, Brian and Holly made and tendered to Evans Bank a Mortgage against the Property in the original principal amount of $106,000.00, which was recorded in the Erie County Clerk's Office on November 12, 2021 in Liber 14025 of Mortgages at Page 2794 (the "Evans Mortgage"), a true copy of which is attached hereto and made part hereof as Exhibit B.

13. The Plaintiff sent a letter to Brian and Holly on January 16, 2025, setting forth the foregoing, and offering them an opportunity to provide information as to any defenses they believed applied, and otherwise demanding the return of the Property; an attorney responded for Brian and Holly, but provided no evidence of any defense, did not offer a resolution, and has not

contacted the Plaintiff or his counsel since then regarding this matter.

14. The Plaintiff sent a letter to Evans Bank on June 30, 2025, setting forth the foregoing, but received no response.

15. Upon information and belief, based on a recitation in the Deed, at the time of the Transfer the Property was subject to a mortgage in favor of HSBC Bank (the "HSBC Mortgage") which was incurred prior to that time by the Debtor, and which it appears might have been paid in part using proceeds of the loan by Evans Bank which is secured by the Evans Mortgage. Upon the provision of appropriate proof, sums owed to or paid to HSBC upon the HSBC Mortgage might provide partial defenses to the Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS BRIAN NOWAK AND HOLLY NOWAK

16. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

17. Upon information and belief, Brian and Holly gave no consideration to the Debtor for the Transfer, or any consideration Brian and Holly gave to the Debtor was less than reasonably equivalent value and/or less than fair consideration for the Transfer.

18. Upon information and belief, the Debtor either was insolvent at the time of the Transfer or was rendered insolvent thereby.

19. By virtue of the foregoing, the Transfer constitutes a fraudulent transfer which is avoidable by the Plaintiff under 11 U.S.C. §544 and New York State Debtor and Creditor Law §273(a)(2).

20. The Plaintiff is entitled to judgment against Brian and Holly, avoiding the

4

Transfer pursuant to 11 U.S.C. §544 and New York State Debtor and Creditor Law §273(a)(2), and preserving it for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and/or to judgment against Brian and Holly in the amount of the value of the Property, together with interest thereon.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST DEFENDANTS BRIAN NOWAK AND HOLLY NOWAK**

21. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

22. Upon information and belief, Brian and Holly gave no consideration to the Debtor for the Transfer, or any consideration Brian and Holly gave was less than reasonably equivalent value and/or less than fair consideration for the Transfer.

23. Upon information and belief, after the Transfer the Debtor was left with unreasonably small capital, and/or an unreasonably small amount of assets, for the business or transactions in which she was then engaged and/or in which she was about to engage.

24. By virtue of the foregoing, the Transfer constitutes a fraudulent transfer which is avoidable by the Plaintiff under 11 U.S.C. §544 and New York State Debtor and Creditor Law §273(a)(2).

25. The Plaintiff is entitled to judgment against Brian and Holly, avoiding the Transfer pursuant to 11 U.S.C. §544 and New York State Debtor and Creditor Law §273(a)(2), and preserving it for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and/or to judgment against Brian and Holly in the amount of the value of the Property, together with interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS BRIAN NOWAK AND HOLLY NOWAK

26. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

27. Upon information and belief, Brian and Holly gave no consideration to the Debtor for the Transfer, or any consideration Brian and Holly gave to the Debtor was less than reasonably equivalent value and/or less than fair consideration for the Transfer.

28. Upon information and belief, at the time the Transfer occurred, the Debtor had incurred, intended to incur, believed she would incur, reasonably should have believed she would incur, and/or was about to incur debts which would be beyond the Debtor's ability to pay as they matured and/or became due.

29. By virtue of the foregoing, the Transfer constitutes a fraudulent transfer which is avoidable by the Plaintiff under 11 U.S.C. §544 and New York State Debtor and Creditor Law §273(a)(2).

30. The Plaintiff is entitled to judgment against Brian and Holly, avoiding the Transfer pursuant to 11 U.S.C. §544 and New York State Debtor and Creditor Law §273(a)(2), and preserving it for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and/or to judgment against Brian and Holly in the amount of the value of the Property, together with interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS BRIAN NOWAK AND HOLLY NOWAK

31. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

6

32. Based upon the foregoing, the Transfer is marked by the "badges of fraud", including in that: a) Brian and Holly are the Debtor's son or son-in-law and daughter or daughter-in-law, respectively, and thus are insiders, including as that term is defined in 11 U.S.C. §101(31), and within the meaning of that term in New York Debtor and Creditor Law §273; b) the Transfer was not made in the ordinary course of dealings of the Debtor or Brian and Holly; c) Brian and Holly gave no consideration or inadequate consideration for the Transfer; and d) the Debtor was insolvent at the time of or immediately after the Transfer.

33. Upon information and belief, the Debtor was insolvent at the time of the Transfer, was rendered insolvent by the Transfer, or became insolvent shortly after the Transfer was made.

34. Based on the foregoing, upon information and belief, the Transfer was made with the actual intent of the Debtor and/or of Brian and Holly to hinder, delay, or defraud creditors to which the Debtor was indebted at the time of the Transfers and future creditors to which the Debtor might thereafter incur debt.

35. By virtue of the foregoing, the Transfer constitutes a fraudulent transfer which is avoidable by the Plaintiff under 11 U.S.C. §544 and New York State Debtor and Creditor Law 273(a)(1).

36. Pursuant to New York State Debtor and Creditor Law §276, in an action brought by a trustee in bankruptcy to set aside a transfer made with actual intent to hinder, delay, or defraud creditors of the Debtor, the plaintiff is entitled to an award of reasonable attorneys fees against Brian and Holly.

37. The Plaintiff is entitled to judgment against Brian and Holly, avoiding the Transfer pursuant to 11 U.S.C. §544 and New York State Debtor and Creditor Law §273(a)(1),

7

and preserving it for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and/or to judgment against Brian and Holly in the amount of the value of the Debtor's interest in the Property that was the subject of the Transfer, together with interest thereon, and to judgment against Brian and Holly for reasonable attorneys fees pursuant to New York State Debtor and Creditor Law §276.

## AS AND FOR A FIFTH CAUSE OF ACTION, AGAINST DEFENDANT NBT BANK, N.A.

38. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

39. Pursuant to 11 U.S.C. §550,

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

> (2) any immediate or mediate transferee of such initial transferee.

40. Under the terminology of §550, Brian and Holly are the "initial transferees" of the Property by the Debtor, and as the recipient of the Evans Mortgage, Evans Bank was either the "immediate or mediate transferee" of Brian and Holly.

41. When it received the Evans Mortgage from Brian and Holly, Evans Bank was on notice that Brian and Holly held title to the Property by virtue of the Transfer and that the Transfer was voidable, including based on the fact that the County Clerk's Recording Page which was attached to the Deed when it was recorded showed that nominal consideration ($1.00) was

8

given and that no New York State Transfer Tax was paid on the recording of the Deed.

42. Upon information and belief, including based on public record, Evans Bank, National Association remains the holder of record of the Evans Mortgage, but has merged with NBT in a transaction which became effective on or about May 2, 2025.

43. Based on the foregoing, and upon the Trustee's right to avoid the Transfer as set forth above, the Trustee is also entitled to avoid the Evans Mortgage.

44. The Plaintiff is entitled to judgment against NBT, avoiding the Evans Mortgage pursuant to 11 U.S.C. §550, and preserving it for the benefit of the estate pursuant to 11 U.S.C. §551.

**WHEREFORE**, the Plaintiff demands judgment against Defendants Brian Nowak and Holly Nowak avoiding the Transfer pursuant to 11 U.S.C. §544 and New York State Debtor and Creditor Law §273, and preserving it for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and/or to judgment against Brian Nowak and Holly Nowak in the amount of the value of the Property, together with interest thereon, pursuant to 11 U.S.C. §550, and to judgment against Brian Nowak and Holly Nowak for reasonable attorneys' fees pursuant to New York State Debtor and Creditor Law §276, and to judgment against Defendant NBT Bank, N.A., as successor by merger to Evans Bank, National Association, avoiding the Evans Mortgage, and preserving it for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, together with interest and the costs and disbursements of this action and such other and further relief as the Court deems just and proper.

9

Dated: November 13, 2025
      Buffalo, New York

                                        ZDARSKY, SAWICKI & AGOSTINELLI, LLP
                                        Attorneys for the Plaintiff

                                        s/ Mark J. Schlant
                                        By: Mark J. Schlant
                                        1600 Main Place Tower
                                        350 Main Street
                                        Buffalo, New York 14202
                                        Tel: (716) 855-3200